## 40639. MADDOX v. THE STATE.

SMITH, Justice.

In April 1982, appellant Thomas E. Maddox sold ten pounds of fresh water crappie to an officer of the Georgia Game and Fish Commission. As a result of this sale Maddox was charged with the offense of selling game fish, a misdemeanor. OCGA § 27-4-74 (Code Ann. § 45-808). In October he was adjudged guilty of this offense and fined $200. Now he brings this appeal, contending that the statute under which he was prosecuted is unconstitutional in that he is deprived of his property without due process of law. We affirm.

1. In his first enumeration Maddox contends that the court erred in finding that he had violated OCGA § 27-4-74 (Code Ann. § 45-808), which states, in part: "[I]t shall be unlawful for any person to sell or purchase any game fish." Maddox submits that the fish in question are domesticated and are not wildlife as defined in OCGA § 27-1-2 (77) (Code Ann. § 45-102), in that they are held in private ponds, never reach public waters, and thus are beyond the reach of

state regulation.

OCGA § 27-1-3 (Code Ann. § 45-201) provides that ownership of, jurisdiction over, and control of all wildlife, as defined in that title, are declared to be in the state in its sovereign capacity. "Wildlife" is defined in OCGA § 27-1-2 (Code Ann. § 45-102) to include fish. OCGA § 27-1-2 (36)(C) (Code Ann. § 45-102) specifically defines "game fish" to include crappie. OCGA § 27-4-74 (Code Ann. § 45-808) clearly states that game fish may not lawfully be bought or sold. There is no exception made for crappie cultivated in private ponds. Thus, there is no merit in this enumeration.

2. In his second enumeration appellant challenges the constitutionality of the law creating the offense of which he was convicted, contending that it deprives him of his property without due process of law, and citing the 14th Amendment to the Constitution of the United States (Code Ann. § 1-815 et seq.) and Art. 1, Sec. 1, Par. 1 of the Georgia Constitution of 1983 (Code Ann. § 2-101).

OCGA § 27-4-74 (Code Ann. § 45-808) provides that the owner of a pond may obtain a permit allowing game fish to be taken from the pond for purchase or sale. The permit may be issued to the owner only once annually and shall limit the time for taking fish from the pond to 15 days unless an extension is granted. The statute goes on to enumerate certain packaging and labeling requirements for the fish taken under such a permit.

We note in the beginning that the challenged statute does not deprive the appellant of the right to take game fish from his own pond or to possess them, but only prohibits their purchase or sale. He may retain them for his own use, or he may allow members of his family and his tenants to do the same. OCGA § 27-4-30 (Code Ann. § 45-703).

OCGA § 27-1-3 (Code Ann. § 45-201) provides that the state, in its sovereign capacity, owns, controls, and may regulate all wildlife. It has long been the rule that the state may exercise its police power to enforce and exercise its sovereign capacity over wildlife in order to preserve and protect it for the public good. *Allen v. State,* 11 Ga. App. 75 (74 SE 706) (1912). The state's interest in such matters and its authority to regulate them is one of the oldest continuously recognized doctrines of law in our system (see Geer v. Connecticut, 161 U. S. 519 (16 SC 600, 40 LE 793) (1896)), and it is uniformly adhered to throughout this country. See 35 AmJur2d 29, Fish and Game, § 29 et seq. Since this right is inherent in the state in its sovereign capacity, there is no taking from an individual or infringement of his constitutional rights when the state exercises its power to regulate and preserve wildlife. While it is true that ownership of these fish is a property right, it is not an absolute and

unqualified right, and is bounded by the limitation that it must always yield to the state's power to regulate and preserve for the public good. It is our view that the regulatory statute complained of here functions to protect the stocks of fish swimming freely in waters of this state and as such is a proper exercise of the police power. To rule otherwise would create unmanageable problems of enforcement for officials charged with direct responsibility for wildlife conservation. Therefore, we find that the challenged statute, OCGA § 27-4-74 (Code Ann. § 45-808), is constitutional and that there is no merit in this enumeration.

*Judgment affirmed. All the Justices concur, except Weltner, J., who dissents.*

DECIDED FEBRUARY 17, 1984 —
REHEARING DENIED MARCH 6, 1984.

*Wilmer L. Salter, Jr., Charles W. Cook,* for appellant.
*Malcolm F. Bryant, Jr.,* for appellee.

WELTNER, Justice, dissenting.

Maddox was convicted for the violation of a provision of the "Game and Fish Code," OCGA § 27-1-1 et seq. (Code Ann. § 45-101), even though the fish which he sold belonged to him and were taken from a private pond located completely on his property, were unable to move about through free-flowing waters, and in no ordinary sense of the word could be considered as "wildlife."

The Game and Fish Code, however, defines "wildlife" as follows: " 'Wildlife' means any vertebrate or invertebrate animal life indigenous to this state or any species introduced or specified by the board and includes mammals, birds, fish, amphibians, reptiles, crustaceans, and mollusks or any part thereof." OCGA § 27-1-2 (77) (Code Ann. § 45-102).

Having drawn a definition which includes, perhaps, human beings, the Code goes on to declare, in one sentence, that *all* wildlife is the property of the State of Georgia. "The ownership of, jurisdiction over, and control of all wildlife, as defined in this title, are declared to be in the State of Georgia, in its sovereign capacity, to be controlled, regulated, and disposed of in accordance with this title."

Thus it is seen that the basis for the prosecution of Maddox consists of two sentences — one declaring all animal life in Georgia to be "wildlife," and the second declaring all such "wildlife" to be the property of the State.

The constitutional implications of such a declaration are

astonishing, striking at the center of our system of the private ownership of property, and permitting expropriation by legislative fiat, without compensation. From this fiat pend manifold criminal provisions, e.g., OCGA § 27-1-28 (a) (Code Ann. § 45-202), making it a crime to ". . . take, possess, or transport any nongame species of wildlife. . . ." Bearing in mind its all-inclusive definition of "wildlife," this statute makes it a crime to transport a sick cat to the veterinarian; or to take a goldfish to school for "Show and Tell"; or to haul a blue-tick hound in a pickup truck.

While all of these considerations were not raised in this appeal, the scope of the term "wildlife" was. I cannot agree that Maddox was convicted lawfully.